UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                           :

ATLANTICA HOLDINGS, INC. et al.,       :
                                           :

                Plaintiffs,    :

                                         :

      -v-                 :

                                         :

SOVEREIGN WEALTH FUND SAMRUK-KAZYNA   :
JSC,                                      :

                                        :

              Defendant.    :

                                         :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _05/09/2014_

12 Civ. 8852 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On March 10, 2014, this Court issued an Opinion and Order granting in part and denying

in part the motion by Defendant Sovereign Wealth Fund Samruk-Kazyna JSC ("S-K Fund") to

dismiss the Amended Complaint.  (Docket No. 28).  To the extent relevant here, the Court

rejected S-K Fund's argument that it was immune from suit under the Foreign Sovereign

Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, and that the Amended Complaint did not

adequately plead the existence of a "domestic transaction" within the meaning of *Morrison v.*

*National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010).  On March 25, 2014, the S-K Fund filed

an interlocutory appeal of the Court's FSIA ruling, as is its right.  *See Drexel Burnham Lambert*

*Grp. Inc. v. Comm. of Receivers for Galadari*, 12 F.3d 317, 324 (2d Cir. 1993).  It now moves,

pursuant to Title 28, United States Code, Section 1292(b), for a certificate of appealability from

that portion of the Court's Opinion and Order concerning *Morrison*.  (Mem. Law Supp. Def.

Sovereign Wealth Fund "Samruk Kazyna" JSC's Mot. Certification Interlocutory Appeal

Pursuant 28 U.S.C. § 1292 (Docket No. 37) ("Def.'s Mem.") 1).  Upon due consideration of the

parties' memoranda of law, the S-K Fund's motion is GRANTED.

It is well established that a district court has discretion to certify an order for interlocutory appeal if the moving party shows that the order (1) "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see In re Facebook, Inc., IPO Sec. & Derivative Litig.*, — F. Supp. 2d —, MDL No. 12-2389, 2014 WL 988549, at *2 (S.D.N.Y. Mar. 13, 2014).  Whether the S-K Fund satisfies the first two prongs of that test is a close question.  But in view of (1) the fact that the issue addressed by the Court in its Opinion and Order was the legal sufficiency of the Amended Complaint and reversal would, at a minimum, "importantly affect the conduct of this action," *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, No. 08 Civ. 492 (WHP), 2009 WL 5177977, at *1 (S.D.N.Y. Dec. 15, 2009) ("*Peru*") (internal quotation marks and brackets omitted); *see also In re Del-Val Fin. Corp. Sec. Litig.*, 874 F. Supp. 81, 83 (S.D.N.Y. 1995) (noting that Section 1292(b) can be met even where reversal would not result in termination of the action); and (2) the somewhat unsettled and evolving nature of the law with respect to *Morrison*, which includes a decision of the Second Circuit from only days ago that arguably affects this case, *see City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, — F.3d —, 2014 WL 1778041, at *4 (2d Cir. May 6, 2014) (holding that "the mere placement of a buy order in the United States for the purchase of foreign securities on a foreign exchange" is insufficient "to allege that a purchaser incurred irrevocable liability in the United States") (*see also* Docket Nos. 44, 45), the Court concludes that it does.

Moreover, given the pending appeal of the FSIA ruling and the resulting stay of all further proceedings in this Court, even if the first two Section 1292(b) factors tilted slightly in Plaintiffs' favor, the weight of the third factor would call for certification.  *See Peru*, 2009 WL

2

5177977, at *2 (holding that failure to satisfy one of the factors "is not fatal to certification,

particularly when other factors strongly counsel in favor of a consolidated appeal"). As another

judge on this Court reasoned in similar circumstances: "Although interlocutory appeals are

normally disfavored because they create piecemeal litigation, that dilemma is not present in this

case because Defendants have appealed the FSIA . . . determinations as of right." *Peru*, 2009

WL 5177977, at *2 (citation omitted). That is, given the circumstances here, "certification

would avoid" — not produce — "piecemeal litigation by permitting the review of all

consequential . . . issues . . . at one time, if the Court of Appeals agrees to accept certification and

consolidate these issues with the pending appeal." *Id.*; *see also de Csepel v. Republic of

Hungary*, Civ. No. 10-1261, 2011 U.S. Dist. LEXIS 150696, at *9 (D.D.C. Nov. 30, 2011)

(finding, where the Court's ruling on sovereign immunity was already on appeal, that the

"salutary objective of avoiding piecemeal review would be aided by allowing an immediate

appeal" of other issues decided in the same order and noting that there was "no danger of

obstructing or impeding this judicial proceeding . . . by granting certification as defendants'

appeal on immunity grounds divested this Court of jurisdiction over plaintiffs' remaining claims"

(internal quotation marks, citations, and brackets omitted)). "Overall, the goal of moving this

litigation toward a final resolution outweighs" whatever disadvantages may flow from

interlocutory appeal. *Peru*, 2009 WL 5177977, at *2.

Accordingly, Defendant's motion for a certificate of appealability is GRANTED. The

Clerk of Court is directed to terminate Docket No. 36.

SO ORDERED.

Date:   May 9, 2014
        New York, New York

_____
JESSE M. FURMAN
United States District Judge