**ALSTON & BIRD**

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Brett D. Jaffe                Direct Dial: 212-210-9547              Email: brett.jaffe@alston.com

March 5, 2018

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10008

   Re: ***Atlantica Holdings, Inc., et al. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, No. 12 Civ. 8852 (JMF) rel. *Atlantica Holdings, Inc., et al. v. BTA Bank JSC*, No. 13 Civ. 5790 (JMF)**

Dear Judge Furman:

  We are counsel to Plaintiffs in the above-referenced related actions. We write on behalf of all parties, and with reference to the Court's Opinion and Order dated February 15, 2018 (Dkt. 122, the "February 15 Order") denying Defendants' motion for reconsideration (Dkt. 111) and renewed motion to dismiss (Dkt. 107).[1] The February 15 Order directs the parties to submit within thirty days their "Joint Pretrial Order and related pretrial materials." However, by agreement of the parties and (as all counsel understand it) with the Court's consent, fact depositions and expert discovery in these cases has been stayed pending the Court's adjudication of Defendants' various dispositive motions. Accordingly, the parties respectfully submit that submission of a Joint Pretrial Order is premature, and request that the Court enter a case management plan for the completion of discovery (specifically, party and non-party depositions and expert discovery).

  A brief review of the lengthy procedural history of this case may be helpful. On September 14, 2016, while the parties were engaged in ongoing document discovery, the Court granted Defendants leave to file a summary judgment motion on the limited ground that the securities transactions at issue in this case are not "domestic transactions" within the meaning of the U.S. securities laws as defined by the Supreme Court's decision in *Morrison v. National Australia Bank*, 561 U.S. 247 (2010) (the "*Morrison* Motion"). Defendants filed the *Morrison* Motion on October 14, 2016 (No. 13 Civ. 5790, Dkt. 123),

---

[1] In accordance with the Court's October 20, 2016 Order, all docket references are to Case No. 12 Civ. 8852 (JMF) unless otherwise indicated.

Alston & Bird LLP                                www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

March 5, 2018
Page 2

and it was fully submitted on December 12, 2016 (No. 13 Civ. 5790, Dkt. 143). By the end of January 2017, all parties certified that they had substantially completed their document productions, and on February 1, 2017, the parties appeared before the Court for a status conference. At that conference, the parties noted that the pending *Morrison* Motion would be, if granted, largely dispositive of the entire litigation. Accordingly, the parties jointly requested that, to avoid potentially unnecessary expense, depositions be stayed pending the Court's adjudication of the *Morrison* Motion. The Court granted that request, and the case management plan then in place was adjourned.

On August 9, 2017 – while the *Morrison* Motion was still pending before the Court – Defendants filed their motions for reconsideration and renewal of their previously denied motions to dismiss the Amended Complaints (the "Renewed Dismissal Motions"; Dkt. 107 and 111); those motions were fully submitted in September 18, 2017 (Dkt. 119. In the interim, on August 29, 2017, the Court denied the *Morrison* Motion in its entirety (Dkt. 113). At that point the parties understood that, absent an order from the Court lifting the stay and with no case management plan in place, depositions remained stayed pending the Court's adjudication of the Renewed Dismissal Motions. Indeed, the reason for staying depositions pending adjudication of the *Morrison* Motion applied equally to the Renewed Dismissal Motions: each of these motions would have, if granted, resulted in the dismissal of virtually this entire litigation, and the parties sought to avoid the cost of extensive depositions (to be conducted in various countries) that might prove to be unnecessary.

In light of the Court's February 15 Order, the parties now wish to promptly move forward with the completion of fact and expert discovery. Accordingly, a proposed revised case management plan is attached for the Court's consideration. The parties propose to complete fact discovery by October 31, 2018, with expert discovery to be conducted thereafter and completed by January 31, 2019. Counsel are all cognizant of the fact that the proposed schedule is longer than that which the Court regularly permits. However, the parties have conferred and believe that the particular circumstances of this case necessitate a lengthier deposition schedule. Plaintiffs and Defendants each expect to take up to ten fact depositions. Given the international nature of the parties and witnesses, many of those depositions are likely to take place outside the United States. Moreover, the vast majority of the documents in this case are not in English, and will need to be translated to be used at depositions. Likewise, most witnesses in this case do not speak English as their native language, and interpreters may be required at various depositions. Simply stated, this case presents logistical challenges not found in the typical civil securities fraud case.

Finally, the parties appreciate the Court's offer to facilitate settlement discussions. The Defendants believe a mediation before a Magistrate Judge could be helpful. Plaintiffs, however, do not believe that mediation would be productive at this time. Counsel will continue to discuss the viability of settlement discussions, and will let the Court know promptly if all parties wish to pursue settlement talks before the assigned Magistrate Judge or the Court-annexed mediation program.

The parties appreciate the Court's consideration in this matter. If the Court has any questions with regard to these issues, counsel remain available at the Court's convenience.

March 5, 2018
Page 3

                        Respectfully submitted,

                        /s/ Brett D. Jaffe

                        Brett D. Jaffe

Enclosure

The parties are correct: The Court jumped the gun in directing submission of the parties' pretrial materials. Accordingly, that portion of the Court's prior Opinion and Order is vacated. The parties should promptly resume discovery. The Court reserves judgment on the proposed schedule, however. The parties shall appear for a conference to address the schedule and settlement on **March 13, 2018, at 2:30 p.m.**

The Clerk of Court is directed to docket this endorsed letter in both the above-captioned cases.

                        SO ORDERED.

                        March 6, 2018