

**Katten**
KattenMuchinRosenman LLP

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
www.kattenlaw.com

JASON C. VIGNA
jason.vigna@kattenlaw.com
212.940.6441 direct
212.940 8776 fax

January 29, 2019

*Via ECF*

The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Atlantica Holdings, Inc. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, 12 Civ. 8852 (JMF); *Atlantica Holdings, Inc. v. BTA Bank JSC*, 13 Civ. 5790 (JMF)

Dear Judge Furman:

We represent defendant BTA Bank JSC ("BTA Bank") in the captioned actions. We write pursuant to Your Honor's Individual Practice Rule 2(C) to seek an order compelling Plaintiffs to search for and produce documents identified in the deposition of Plaintiffs' principal, Claudio Khamis. The parties have met and conferred and are unable to reach an agreement on the disputed issue.

As your Honor is aware, this case centers around the 2010 restructuring of BTA Bank, which was necessitated, in part, by a massive embezzlement scheme by its former management. The former chairman of the bank, Muktar Ablyazov ("Ablyazov"), forged documents to transfer billions in loans to himself and his family members, including his son-in-law Ilyas Khrapunov ("Khrapunov"). Mr. Ablyazov and his family fled Kazakhstan after their embezzlement scheme was discovered in 2009. Since that time, BTA Bank has sought to recover the embezzled money through litigation in the U.K., the U.S. and elsewhere. In the U.K. litigation, Mr. Ablyazov was found liable for embezzlement, guilty of contempt of court and sentenced to three concurrent 22 month prison sentences. *See, e.g., JSC BTA Bank v. Ablyazov* [2012] EWHC 237 (Comm) [Dkt. No. 163 at Ex. A]; [2012] EWHC 455 [Dkt. No. 163 at Ex. B].[1] Mr. Khrapunov was found liable for conspiracy. *See IKhrapunov v. JSC BTA Bank*, [2017] EWCA Civ 40. Mr. Ablyazov fled the U.K. before sentencing and is currently in France fighting extradition efforts by multiple countries.

During the deposition of Plaintiffs conducted pursuant to Federal Rule of Civil Procedure 30(b)(6) on December 7 and 8, 2018, Claudio Khamis, the Plaintiffs' principal and representative

**REDACTED**

---

[1] Docket references are to the docket for *Atlantica Holdings, Inc. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, 12 Civ. 8852 (JMF).

AUSTIN    CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    HOUSTON    LOS ANGELES
NEW YORK    ORANGE COUNTY    SAN FRANCISCO BAY AREA    SHANGHAI    WASHINGTON, DC
LONDON: KATTEN MUCHN ROSENMAN UK LLP
A limited liability partnership including professional corporations



The Honorable Jesse M. Furman
January 29, 2019
Page 2

REDACTED

It is not a coincidence, therefore, REDACTED Plaintiffs' apparent theories of this long-standing case have changed drastically. After years of proceeding as a straight-forward securities fraud case challenging disclosures in the information memorandum for BTA's 2010 restructuring, Plaintiffs now allege, REDACTED that the restructuring of BTA Bank and the recovery litigation against Mr. Ablyazov were all part of "a jaw-dropping scheme to enrich Defendants' employees along with Kazakh government officials at the expense of the bank's creditors." (*See* Pl.'s Opp'n to SK Fund's Letter Mot. for a Protective Order, dated December 20, 2018 [Dkt. No. 167] at p. 1.) Plaintiffs admit that such new (and unsupported) allegations do not touch any claims currently existing before the Court and instead go "far beyond the allegations in the Amended Complaint." (*Id.*) Indeed, Plaintiffs have indicated that they are currently considering seeking leave of the Court to further amend the complaint to reflect these new allegations. Defendants would, of course, object to any such amendment.

Given Plaintiffs' new, eleventh-hour allegations and indicated intent to amend their claims accordingly, BTA Bank formally requested on or about December 28, 2018, that Plaintiffs produce all documents and communications REDACTED (*See* Ex. C.) On or about December 31, 2018, Plaintiffs responded that they would not produce the requested communications because, among other reasons, the requested material purportedly "are outside the discovery production time period . . . of BTA's Document Requests." (*See* Ex. D.) BTA Bank disputed Plaintiffs' reasoning and renewed its request on or about January 17, 2019. (*See* Ex. E.) Plaintiffs again refused to produce any documents, arguing that "documents created long after these litigations were commenced . . . are not relevant, not required to be produced under the Federal Rules of Civil Procedure or covered by Defendants' document requests." (*See* Ex. F.)

Plaintiffs are wrong. Defendants are entitled to the documents and materials underlying the new theories that Plaintiffs have already presented (though not fully articulated) to this Court. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.") Plaintiffs' refusal to produce the requested, relevant material is entirely prejudicial to Defendants. Without the requested documents, Defendants are disadvantaged in formulating and presenting their defenses to Plaintiffs' contemplated new claims, and limited in their ability to present a fulsome



The Honorable Jesse M. Furman
January 29, 2019
Page 3

objection to Plaintiffs' anticipated motion to further amend the complaint. There is little or no burden on Plaintiffs to collect and produce the material related to these meetings.

Moreover, despites Plaintiffs' protests, documents created after the filing of a lawsuit are discoverable. Courts in this Circuit have made clear that "[b]y its plain language, Rule 26 imposes no temporal limitations on discovery." *Favors v. Cuomo*, 11-CV-5632 (DLI)(RR)(GEL), 2013 WL 12358269, at * (E.D.N.Y Aug. 27, 2013) (citing Fed. R. Civ. P. 26(b)). "Accordingly, courts routinely hold that it is the relevance of the information contained in the requested documents – not the timing of events in relation to their creation – that determines discoverability." *Id.* (citing *Pershing Pac. W., LLC v. MarineMax, Inc.*, 10-cv-1345-L (DHB), 2013 WL 941617, at *5 (S.D. Cal. Mar. 11, 2013 (rejecting party's argument that documents created after filing of complaint are categorically irrelevant)). Further, it is Plaintiffs who have raised the relevancy REDACTED Indeed, it is because **Plaintiffs** have changed the scope of this litigation at this late stage, REDACTED, that Defendants are now forced to seek the related documents. Plaintiffs should not be allowed to hide behind procedural hurdles of their own making.

For the foregoing reasons, BTA Bank respectfully requests that the Court grant a motion to compel Plaintiffs to search for and produce all Documents and Communications regarding, relating to or comprising REDACTED *See* Fed. R. Civ. P 37(a)(3)(B); *McCutcheon v. Colgate-Palmolive Co.*, 16-CV-4170 (LGS) (KNF), 2007 WL 5466668, at *15 (S.D.N.Y. Oct. 19, 2017) (holding that an order to compel is justified where the party seeking production has demonstrated that the requested documents are reasonable, relevant to the party's claims, proportional to the needs of the case, and the opposing party only provided "conclusory and generalized objections" for withholding production).

We appreciate the Court's attention to this matter and are available to answer any questions it may have.

Respectfully submitted,

*/s/ Jason C. Vigna*

Jason C. Vigna

cc: All counsel of record