UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ATLANTICA HOLDINGS, INC., et al.,
         Plaintiffs,

   -against-

SOVEREIGN WEALTH FUND SAMRUK-
KAZYNA JSC,
         Defendant.

------------------------------------------------------------X

ATLANTICA HOLDINGS, INC, et al.,
         Plaintiffs,

   -against-

BTA BANK JSC,
         Defendant.

------------------------------------------------------------X

12 **CIVIL** 8852 (JMF)

13 **CIVIL** 5790 (JMF)

**JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/2020

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated August 5, 2020, Defendants are entitled to summary judgment with respect to Plaintiffs claims under Section 10(b) and Rule 10b-5. It follows that they are also entitled to summary judgment with respect to Plaintiffs' controlling-person liability claims under Section 20(a). See, e.g., First Jersey Sec., Inc., 101 F.3d at 1472 ("In order to establish a prima facie case of [under Section 20(a)], a plaintiff must show a primary violation...."). Accordingly, Defendants' motion for summary judgment is GRANTED, and Plaintiffs' motion for partial summary judgment is DENIED. In addition, Defendants' motion to strike the Hrycay reply declaration is GRANTED in part. All other motions are DENIED as moot. One housekeeping matter remains: By letter-motions, both Plaintiffs and Defendants sought to file certain documents under seal. See ECF Nos. 213, 220, 243. The Court granted the letter-motions temporarily, pending its decision on the underlying motions. It is well established

that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Moreover, the mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome that presumption. See, e.g., United States v. Wells Fargo Bank N.A., No. 12-CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (citing cases). Thus, any party that believes any materials currently under seal should remain under seal or be redacted is ORDERED to show cause in writing, no later than two weeks from the date of the Opinion and Order, why doing so would be consistent with the presumption in favor of public access. If, by that deadline, no party contends that any particular documents should remain under seal or in redacted form, then the parties shall promptly file such documents publicly on ECF; accordingly, the case is closed.

**Dated:** New York, New York
August 6, 2020

RUBY J. KRAJICK
Clerk of Court

BY: *Kmango*
Deputy Clerk